

Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY MANGRUM,                    ) Case No.  CV 10 3869
                                    )
        Plaintiff,                  ) COMPLAINT FOR VIOLATION
                                    ) OF FEDERAL FAIR DEBT
        vs.                         ) COLLECTION PRACTICES ACT
                                    ) AND ROSENTHAL FAIR DEBT
MONARCH RECOVERY                    ) COLLECTION PRACTICES ACT
MANAGEMENT, INC.,                   )
                                    )
        Defendant.                  )
_____)

I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Gregory Mangrum ("Plaintiff"), is a natural person residing in Sonoma county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Monarch Recovery Management, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On average, Plaintiff received from Defendant, more than two collections calls per day and more than ten collections calls per week.

7.   On more than one occasion, Plaintiff contacted Defendant and informed Defendant that he was currently unemployed but would be getting employment beginning June 7, 2010. Furthermore, Plaintiff told Defendant that it would take 4 weeks for the direct deposit of that job to clear and he would be able to pay the balance of the alleged debt in its entirety.

8.   On at least one occasion after Plaintiff agreed to pay the alleged debt when he received his wages from the job in July 2010, a representative of Defendant informed Plaintiff that the computer would continue to call once a month and was instructed to inform the agent of the previous agreement.

9.   Despite Defendant's agreement to the payment plan, the collections calls were not once a month but actually increased from the previous amount of harassing phone calls.

10.   Due to the larger volume of collections calls, Plaintiff contacted a supervisor of Defendant informing him of the previous arrangement Plaintiff had made with a representative of Defendant.

11.   The supervisor, employee of Defendant, became very belligerent and informed Plaintiff that the only arrangement they will accept is a payment. Furthermore, after Plaintiff explained his employment situation, the supervisor, in an attempt to harass and oppress Plaintiff, asked if Plaintiff thought the company

should have to wait and said it doesn't matter if Plaintiff is unemployed, Plaintiff still has to pay his bills.

12. The supervisor, confirmed his telephone number, and in an attempt to harass Plaintiff, said that the calls would continue, despite Plaintiff's requests to cease and desist further telephone calls, until the alleged debt is paid.

13. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including (§1692c(a)(1));
b) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));
c) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code §178811(b));
d) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));
e) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));
f) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f));
g) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including (§1692d));
h) Using false, deceptive, or misleading representations or means in connection with collection of a debt, including (§1692e));

i) In connection with collection of a debt, using obscene or profane language directed at Plaintiff (§1692d(2)); and

j) In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiff (§1692d(2)).

14. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Statutory damages;

    D. Costs and reasonable attorney's fees; and,

    E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 25th day of August, 2010.

By: _____
TODD M. FRIEDMAN (216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
**Attorney for Plaintiff**